**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ASHLEY R. SMITH,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Appellee.

No. 24-5118

D.C. No.
3:23-cv-05627-TLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Submitted August 22, 2025[**]
Portland, Oregon

Before: CALLAHAN, M. SMITH, and MENDOZA, Circuit Judges.

Ashley Smith appeals a district court judgment affirming the Commissioner

of Social Security's denial of her application for supplemental security income

benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

1. Smith first argues that the administrative law judge (ALJ) failed to properly evaluate the medical evidence. We review the district court's order de novo and reverse only if the ALJ's decision is not supported by substantial evidence or is based on legal error. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is "more than a mere scintilla" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "'The most important factors' that the agency considers when evaluating the persuasiveness of medical opinions are 'supportability' and 'consistency.'" *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(a)).

Substantial evidence supports the ALJ's evaluations and findings as to the various medical providers. Ruth Dekker, ARNP, completed a medical source statement asserting that Smith was capable of "low stress work," could sit for less than two hours a day, and would need to take an unscheduled 10–15 minute break every two to three hours during an eight-hour workday. However, ARNP Dekker's own treatment notes as well as those from other medical providers demonstrate that Smith's seizure disorder had markedly improved with treatment and that Smith had been seizure-free for many months before and after a 30-second seizure in November 2020. As such, substantial evidence supports the ALJ's

24-5118

finding that ARNP Dekker's opinions were not persuasive because they were inconsistent with and unsupported by the record. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023); *Woods*, 32 F.4th at 792–93.

Substantial evidence also supports the ALJ's decision to find the opinions of Dr. Richard Henegan partly persuasive. Dr. Henegan's opinions that Smith could "never" climb and only "occasionally" reach conflicted with his own treatment notes and with other evidence in the record demonstrating that Smith's shoulder issues were not severe and improved with treatment. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

Additionally, substantial evidence supports the ALJ's determination that the opinions of Dr. Wayne Hurley and Dr. Robert Stuart were persuasive. As the ALJ explained, their opinions were consistent with evidence showing that Smith's back and shoulder issues were mild; that with treatment, she was largely seizure-free; and that she had normal strength and gait. And, contrary to Smith's arguments on appeal, the ALJ's formulation of Smith's residual functional capacity (RFC) adequately accounted for the limitations identified by Dr. Reginald Adkisson. *See Kitchen*, 82 F.4th at 740.

Finally, although Smith also alleges that the evidence of her treatment by various other providers undercuts the ALJ's determinations as to ARNP Dekker's,

Dr. Adkisson's, and Dr. Henegan's opinions, she provides no explanation for why this evidence makes the ALJ's disability finding erroneous, given the other evidence establishing that Smith's conditions were mild or significantly improved. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

2. Smith next argues that the ALJ improperly rejected her testimony when he found that her impairments could reasonably be expected to cause only some of her alleged symptoms. We conclude, however, that the ALJ's rejection of her testimony is supported by "specific, clear, and convincing reasons." *Smartt*, 53 F.4th at 494 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). As the ALJ explained, Smith testified that she experiences several stare-out seizures per month, which is inconsistent with the medical evidence demonstrating that her seizure disorder had improved to the point where she largely stopped reporting seizures. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). And, as detailed above, other evidence identified by the ALJ contradicted Smith's testimony as to the severity of her other physical and mental impairments. The ALJ also reasonably found that Smith's activities were inconsistent with her assertions about the severity of her

impairments. *See, e.g.*, *Morgan*, 169 F.3d at 600 ("Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation . . . and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision." (omission in original) (internal quotations omitted)); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (concluding that the ALJ properly evaluated the claimant's testimony "[b]ased on the clear, convincing and specific reasons" he provided "and the substantial evidence to support his determination").

3. We need not address whether the ALJ was required to explain how he evaluated lay witness testimony because any error would be harmless. The testimony of these lay witnesses was similar to Smith's own testimony, and so the ALJ's reasonable decision to discount Smith's testimony "appl[ied] equally well" to the testimony of these lay witnesses. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

4. Finally, we conclude that the ALJ did not err as to his step five assessment.[1] The vocational expert's testimony that Smith could not perform competitive work if she needed to take extra breaks, was absent one or more days

---

[1] Smith also asserts that because the ALJ improperly assessed the medical opinions, her own testimony, and the lay witness testimony, he must have erred in his formulation of the RFC. Because we reject Smith's arguments that the ALJ erred in assessing those opinions and that testimony, we likewise reject her argument as to the improper formulation of the RFC.

per month, or was off-task more than fifteen percent of the time, is irrelevant given that substantial evidence supports the ALJ's determination that Smith did not have those limitations. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001). Additionally, there is no conflict between the ALJ's determination that Smith could perform "simple" tasks and the vocational expert's testimony that Smith could do jobs that require Level 2 Reasoning. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1104 n.6 (9th Cir. 2015), *as amended* (Dec. 7, 2015) (collecting cases); *see also Zavalin v. Colvin*, 778 F.3d 842, 846–47 (9th Cir. 2015) (implying that an RFC limited to "simple" work does not conflict with the ability to perform jobs with Level 2 Reasoning).

**AFFIRMED.**